UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DONALD C. KNOX                                              CIVIL ACTION

VS.                                                         NO. 3:20-CV-00387

SOUTHERN NATIONAL LIFE INSURANCE COMPANY, INC.

**COMPLAINT**

The Complaint of Donald C. Knox respectfully alleges:

1. This is a claim for ERISA long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. Plaintiff, **Donald C. Knox**, of lawful age and a resident of Port Allen, Louisiana, is a plan participant and beneficiary of an ERISA plan created by his employer, Maggio GMC, Inc. and an insured participant of a group disability policy issued by Southern National Life Insurance Company, Inc.

4. Defendant, **Southern National Life Insurance Company, Inc.** ("Southern National"), is a corporation, doing business in Louisiana. Upon information and belief, Southern National is incorporated in Baton Rouge, Louisiana and its principal place of business is in the state of Louisiana.

5. Southern National issued a group policy insuring the employees of Maggio GMC. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 USC Sec. 1104(a)(1).

1

7. Plaintiff filed a claim for disability benefits with the Plan because he is qualified for long term disability benefits due to his medical condition. He is unable to perform his previous job.

8. Plaintiff is disabled under the terms of the disability policy issued by Southern National.

9. Southern National unlawfully denied Plaintiff benefits he is entitled to under terms of the disability policy.

10. Plaintiff appealed the denial, but Southern National upheld its previous decision.

11. Southern National's denials are based on insubstantial evidence and are arbitrary and an abuse of any purported discretionary authority.

12. Plaintiff has proved by a preponderance of the evidence that he is disabled under policy terms.

13. Plaintiff has exhausted his administrative remedies and now files this suit to reverse Southern National's denial of benefits.

14. Southern National has abused any purported discretion as plan administrator by denying Plaintiff's claim for disability benefits.

15. Southern National has abused its discretion by failing to consider Plaintiff's medical condition in relation to the actual duties of his occupation and/or the duties of a suitable alternative occupation.

16. Southern National administered Plaintiff's claim with an inherent and structural conflict of interest as Southern National is liable to pay benefits from its own assets to Plaintiff, and each payment depletes Southern National's assets.

17. As a routine business practice, Southern National uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

18. The standard of review is de novo.

19. Plaintiff has been denied the benefits due to him under the Plan, has suffered, and is continuing to suffer economic loss as a result.

20. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

21. Defendant's denial has required Plaintiff to hire attorneys to represent him in this matter to recover benefits due to him under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;
3. For costs of suit; and
4. For all other relief as the facts and law may provide.

Respectfully submitted,

/s/ Reagan Toledano
Willeford & Toledano
Reagan L. Toledano (La. 29687)(T.A.)
James F. Willeford (La. 13485)
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
(504) 582-1286; (f) (313)692-5927
rtoledano@willefordlaw.com